IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDA RHOTEN, | CV 21–46–M–DLC |
| Plaintiff and Counterclaim-Defendant, | |
| vs. | ORDER |
| ROCKING J. RANCH, LLC dba THE RANCH AT ROCK CREEK, | |
| Defendant and Counterclaim-Plaintiff. | |

Before the Court is Defendant Rocking J. Ranch, LLC, dba The Ranch at Rock Creek's ("the Ranch" or "Defendant") Motion in Limine (Doc. 46) and Motion for Partial Summary Judgment (Doc. 30). Plaintiff Brenda Rhoten ("Rhoten") opposes both motions. (Docs. 36, 50.)

## DISCUSSION

**Motion for Partial Summary Judgment.**

This Court can resolve an issue summarily if "there is no genuine dispute as to any material fact" and the prevailing party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual

1

dispute is genuine when there is sufficient evidence for a reasonable factfinder to return a verdict for the other party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Ranch seeks to resolve all of Plaintiff's claims alleging discrimination under Montana's Human Rights Act (MHRA)—Counts 4, 5, 6, 7, and 8 as set forth in the First Amended Complaint (Doc. 9)—in favor of the Ranch.[1] (Doc. 30 at 1.) The Ranch argues that these Counts are procedurally barred because Rhoten failed to "file with the [Montana Human Rights Bureau (MHRB)] and exhaust the administrative remedies in the MHRA as required under the Act. (Doc. 31 at 5 (citing *Hafner v. Conoco, Inc.*, 886 P.2d 947, 950 (Mont. 1994); *Dupuis v. Bd. of Trs.*, 128 P.3d 1010, 1013 (Mont. 2006); *Borges v. Missoula Cty. Sheriff's Off.*, 415 P.3d 976, 981 (Mont. 2018)).) Rhoten contends that she did attempt to file her complaint with the MHRB via the Equal Employment Opportunity Commission (EEOC), and that any failure on the part of the EEOC to cross-file with the MHRB should not bar her from seeking a remedy in this Court. (Doc. 36 at 2–3.)

---

[1] Count 4 alleges "Disability Discrimination" under Mont. Code Ann. § 49-2-303(1)(a) (2021). (Doc. 9 at 23–24.) Count 5 alleges "Disability Discrimination" under Mont. Code Ann. § 49-2-102(1)(a). (*Id.* at 24–25.) Count 6 alleges "Disability Discrimination – Failing to Provide Reasonable Accommodation" under Mont. Code Ann. § 49-2-303. (*Id.* at 25.) Count 7 alleges "Employment Discrimination – Retaliation" under Mont. Code Ann. § 49-2-301. (*Id.* at 26–27.) Count 8 alleges "Employment Discrimination – Aiding, Coercing, or Attempting" under Mont. Code Ann. § 49-2-302. (*Id.* at 27–30.)

It is undisputed that Rhoten filed charges against the Ranch with the EEOC on May 8, 2020, and June 17, 2020. (Doc. 32 at 2; Doc. 33 at 2.) In both instances, Rhoten indicated that she wanted the charges "filed with both the EEOC and the State or local Agency, if any." (Doc. 33-1 at 1; Doc. 39 at 6.) The EEOC states that if a "charge is initially filed with EEOC and the charge is also covered by state or local law, EEOC dual files the charge with the state or local [Fair Employment Practices Agency (FEPA)] (meaning the FEPA will receive a copy of the charge), but ordinarily retains the charge for processing." *Fair Employment Practices Agencies (FEPAs) and Dual Filing*, EEOC, https://www.eeoc.gov/fair-employment-practices-agencies-fepas-and-dual-filing (last visited Sept. 27, 2022). The MHRB is designated as Montana's FEPA and has a Work Share Agreement with the EEOC. *State, Local and Tribal Programs*, EEOC, https://www.eeoc.gov/field-office/seattle/fepa (last visited September 27, 2022); *see also* (Doc. 39 at 2–3, 13–18.)

The Ranch offered the declaration of Kimberly Cobos, a Data Manager for MHRB. Ms. Cobos stated that "Rhoten never filed [the June 17, 2020] complaint or any other complaint with the MHRB against the Ranch . . . , nor was any such claim transferred to MHRB for investigation by another governmental agency." (Doc. 32-1 at 2–3.) In response, Rhoten offered the declaration of Elizabeth Cannon, Director of the EEOC's Seattle Field Office. Ms. Cannon stated that the

3

Seattle Field Office received Rhoten's charge on May 8, 2020,[2] and the Seattle Field Office subsequently "completed the process for dual filing with the [MHRB]." (Doc. 39 at 1–3.)   Although Ms. Cannon's declaration does not address the June 17, 2020, charge, Rhoten has provided sufficient evidence to demonstrate that there is a genuine issue of material fact as to whether either of Rhoten's charges were ever cross-filed with the MHRB.

      Defendants are correct that the MHRA requires a party bringing suit under the Act to first file the claim with the MHRB *and* receive an adjudication of that claim prior to filing the claim in district court.  *See Borges*, 415 P.3d at 981; *Hafner*, 886 P.2d at 950; *Dupuis*, 128 P.3d at 1013.  However, Rhoten has provided sufficient evidence demonstrating that she took the required administrative steps, but for reasons outside of her control, these procedural requirements were not met.  The Court will not hold Rhoten accountable for the potential failures of a Federal or State agency.  *See Brennan v. National Tel. Directory Corp.*, 881 F. Supp. 986, 998 (E.D. Pa. 1995) (declining to dismiss claims filed pursuant to the Pennsylvania Human Rights Act where procedural requirements were not met "[f]or reasons beyond [the plaintiff's] control" and where the plaintiff "reasonably expected that the claim would be cross-filed with

---

[2] Cannon's declaration mistakenly states that the Seattle Field Office received the charge by fax on *May 7, 2020*. (Doc. 39 at 2.)  However, the declaration attached the referenced fax, which is clearly marked *May 8, 2020*. (*Id.* at 5.)  This also coincides with the date that Rhoten signed the charge. (*Id.* at 6.)

the [state FEPA]."). Accordingly, the Court denies the Ranch's Motion for Partial Summary Judgment (Doc. 30).

**Motion in Limine No. 1.**

A motion in limine is a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such in limine rulings are preliminary, and the Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

The Ranch seeks to exclude evidence or argument pertaining to the alleged discrimination against Rhoten "caused by or result[ing] from any action taken by the Ranch other than during the period of June 1, 2019, up through and including February 16, 2020." (Doc. 46 at 1.) Essentially, the Ranch seeks to exclude any discussion of Rhoten's termination on May 11, 2020, which Rhoten alleges "was retaliatory and in violation of the [MHRA]" under Mont. Code Ann. § 49-2-301. (Doc. 47 at 2–3 (citing Doc. 9 ¶¶ 161–63).) The Ranch's argument hinges on the fact that Rhoten's charges list the "latest" date of discrimination as February 16, 2020, the date Rhoten was constructively discharged. (*Id.* at 2.) The Ranch argues that the EEOC therefore "never investigated" the conduct surrounding Rhoten's

termination on May 11, making Count 7 procedurally barred under the MCRA.[3] (*Id.* at 6–8.)

Rhoten contends that in her charge filed May 8, 2020, she marked the dates of discrimination as a "continuing action." (Doc. 50 at 2.) Rhoten also notes that in response to the charges filed with the EEOC, the Ranch filed a Statement of Position wherein the Ranch stated Rhoten's last day of employment was May 11, 2020. (*Id.* at 3; *see also* Doc. 50-3 at 5.) Thus, Rhoten contends that the May 11 termination was captured as part of EEOC's consideration of her charges.[4]

The relevant inquiry is "'whether the original EEOC investigation would have encompassed the additional charges' made in the court complaint but not included in the EEOC charge itself." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles Cty. Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir. 1989)). The Court is unconvinced by the Ranch's argument that "the EEOC would have no reason to investigate a termination or any other conduct of the Ranch after February 16, 2020." (Doc. 53 at 2.) The EEOC was provided notice that the alleged conduct—including retaliation—was continuing. The EEOC was also made aware of the May 11 termination prior to rendering its final decision on December 29, 2020. (*See* Doc. 33-2 at 1; Doc. 50-3 at 5–6.)

---

[3] As discussed above, a claimant under the MHRA must first file with the MHRB and exhaust administrative remedies before submitting the claim to the district court.

[4] The EEOC combined Rhoten's two charges into a single charge under the same EEOC Charge of Discrimination number, 551-2020-02455.

EEOC's investigation into the May 11 termination would "*reasonably be expected to grow out of*" the EEOC's investigation into allegations of retaliation. *Sosa*, 930 F.2d at 1456 (citation omitted).

Accordingly, IT IS ORDERED that the Ranch's Motion for Partial Summary Judgment (Doc. 30) is DENIED.

IT IS FURTER ORDERED that the Ranch's Motion in Limine (Doc. 46) is DENIED.

DATED this 27th day of September, 2022.

_____
Dana L. Christensen, District Judge
United States District Court