IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDA RHOTEN, | CV 21–46–M–DLC |
| Plaintiff and Counterclaim-Defendant, | |
| vs. | ORDER |
| ROCKING J. RANCH, LLC dba THE RANCH AT ROCK CREEK, | |
| Defendant and Counterclaim-Plaintiff. | |

Before the Court is Defendant Rocking J. Ranch, LLC, dba The Ranch at Rock Creek's ("the Ranch" or "Defendant") Motions in Limine. (Doc. 51.) Plaintiff Brenda Rhoten ("Rhoten") does not object to motions in limine numbers 3, 4, 5, 7 and 10. (Doc. 54.) The Court addresses the contested motions in limine in turn.

## DISCUSSION

A motion in limine is a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such in limine rulings are preliminary, and the Court "may always change [its]

1

mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

**Motion in Limine No. 1.**

In this motion, Defendant seeks to exclude evidence of a separate defamation lawsuit filed by the Ranch against Rhoten in the Montana Third Judicial District, Granite County Cause No. DV-22-10, arguing that evidence of this lawsuit is irrelevant, and, alternatively, prejudicial in that it would serve to confuse the jury.  Rhoten contends that this evidence should be admitted to demonstrate consistency in Rhoten's description of the work environment at the Ranch, and furthermore, to establish that the Ranch engages in this type of behavior to deter employees from asserting complaints about the workplace.  The Court is skeptical that evidence of this unrelated lawsuit is relevant, and to the extent this evidence may have some tangential relevance to this case, the Court is hesitant to engage in a "trial within the trial" which would distract the jury from the issues involved in the subject case, and potentially create confusion.

However, at this juncture, the Court lacks information essential to ruling on this motion.  For example, the timing of the Granite County lawsuit, the exact nature of the claims and alleged defamatory statements of Rhoten, and other facts surrounding the filing of that lawsuit are unknown.  Accordingly, the Court reserves ruling on this motion in limine until the time of trial.  Neither party shall

2

make mention of the Granite County lawsuit during voir dire or opening statements, or until the Court has issued its ruling outside the presence of the jury.

**Motion in Limine No. 2.**

In this motion, Defendant seeks to exclude evidence of certain information and documents associated with a PPP loan secured by the Ranch. The details of this loan are unknown to the Court, although it appears from the pleadings that the loan amount was $1 million. The Ranch concedes that "certain elements of these documents may have some relevance to the above-captioned matter," nevertheless, "the amount of the loan and the other financial information in it has no bearing or relevance to these proceedings." (Doc. 52 at 2.) The Ranch has not indicated which information or documents associated with the PPL loan are admissible, and what should be precluded. The Court is thus operating in a vacuum as it relates to this motion. However, if the Ranch maintains as a defense that Rhoten was laid off in her employment in May 2020 due to a slow down in its business as a result of Covid-19, then some limited evidence of the loan may be relevant, including potentially the timing and the amount of the loan. Accordingly, the Court reserves ruling on this motion in limine until the time of trial. Neither party shall make mention of the PPP loan during voir dire or opening statements, or until the Court has issued its ruling outside the presence of the jury.

**Motion in Limine No. 6.**

In this motion the Ranch seeks to exclude rebuttal or impeachment witnesses and evidence not disclosed in discovery. Rhoten objects to any limitations on rebuttal or impeachment witnesses. The Court will reserve ruling on this motion. Rhoten is correct that impeachment information and witnesses are not required in the initial disclosures required by Fed. R. Civ. P. 26(a)(3)(A). On the other hand, depending on the specificity of a discovery request, a party may be required to disclose the identity of a potential witness that would be called by that party as a rebuttal or impeachment witness. The same concept applies to documentary evidence. Therefore, in the event Rhoten seeks to introduce impeachment or rebuttal evidence, whether in the form of a document or witness testimony, and if that evidence should have been produced in the course of discovery, then most likely that evidence will not be allowed.

**Motions in Limine Nos. 8 and 9.**

In these two motions the Ranch seeks to exclude evidence or argument regarding the size of the business or its financial condition. Rhoten argues again that evidence of the PPP loan obtained by the Ranch is directly relevant to one of its defenses in the case. This issue has been addressed above. Some limited evidence of the PPP loan may very well be admissible. Rhoten further contends that evidence of the financial condition of the Ranch is admissible in support of her

punitive damage claim. The Court agrees, but the timing of this evidence is critical. Assuming the Court agrees that the jury should consider the issue of punitive damages, the jury will be asked in its initial verdict whether punitive damages should be awarded. Assuming the answer to that question is "yes," then the Court will proceed to the punitive damage portion of the case, at which time evidence and argument by both parties will be allowed. The Court will then instruct the jury on punitive damages, followed by jury deliberations. Evidence of the financial condition of the Ranch will <u>only</u> be allowed during this subsequent punitive damage portion of the case. Other than some limited, yet to be determined evidence of the PPP loan, Rhoten is precluded from offering any evidence of the financial condition, or relative size of the Ranch, i.e. that the Ranch is a large, successful business with significant cash flow, during the liability portion of the trial. The marginal relevance of this kind of evidence is greatly outweighed by its prejudicial effect.

    Accordingly, IT IS ORDERED that the Court reserves ruling on Defendant's Motions in Limine Nos. 1, 2 and 6, and GRANTS Defendant's Motions in Limine 8 and 9, as explained above.

    DATED this 27th day of September, 2022.

Dana L. Christensen, District Judge
United States District Court

5