IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENDA RHOTEN,<br><br>      Plaintiff and<br>      Counterclaim-Defendant,<br><br>  vs.<br><br>ROCKING J. RANCH, LLC, dba THE RANCH AT ROCK CREEK,<br><br>      Defendant and<br>      Counterclaim-Plaintiff. | CV 21–46–M–DLC<br><br><br>ORDER |

Before the Court are Plaintiff Brenda Rhoten's Motion to Amend Judgment Pursuant to FED. R. CIV. P. 59(e) (Doc. 102) and Motion for Attorney Fees and Non-Taxable Costs (Doc. 104).

**Motion to Amend Judgment to Include Prejudgment Interest**

Rhoten brought claims against Defendant Rocking J. Ranch, LLC, dba The Ranch at Rock Creek (the "Ranch") under Title VII of the Civil Rights Act ("Title VII") and the Montana Human Rights Act ("MHRA") for discrimination, as well as a claim for wrongful termination under the Montana Wrongful Discharge from Employment Act ("WDEA").[1]  (*See* Doc. 9.)  The jury found that the Ranch

---

[1] In total Rhoten brought thirteen claims in her First Amended Complaint.  (*See*
    1. Wrongful Discharge (Mont. Code Ann. ("M.C.A.") § 39-2-904(1)(c));
    2. Wrongful Discharge (M.C.A. § 39-2-904(1)(b));

1

violated both Title VII and the MHRA by retaliating against Rhoten for filing a Charge of Discrimination with the Equal Employment Opportunity Commission. (*See* Doc. 94 at 2.) The jury also found that the Ranch violated the WDEA by wrongfully discharging Rhoten. (*Id.* at 3.) The jury awarded Rhoten $39,000 for the retaliation claims and $25,000 for the wrongful discharge claim, for a total award of $64,000 in compensatory damages. (*Id.* at 4.) Rhoten seeks to amend the judgment of this Court to include prejudgment interest in the amount of $7,167.90, for a total award of $71,167.90. (Doc. 103 at 5.)

The Ranch responds that "[p]rejudgment interest in a diversity case is a question of state substantive law and therefore, Montana law applies to the question of whether prejudgment interest should be awarded."[2] (Doc. 106 at 2–3.) Applicable Montana law specifies three prerequisites to recovery: (1) an underlying monetary obligation must exist; (2) the amount of recovery must be

---

       3. Wrongful Discharge (M.C.A. § 39-2-904(1)(a));
       4. Disability Discrimination (M.C.A. § 49-2-303(1)(a));
       5. Disability Discrimination (M.C.A. § 49-1-102(1)(a));
       6. Disability Discrimination – Failure to Provide Reasonable Accommodation (M.C.A. § 49-2-303);
       7. Employment Discrimination – Retaliation (M.C.A. § 49-2-301);
       8. Employment Discrimination – Aiding, Coercing, or Attempting (M.C.A. § 49-2-302);
       9. Negligence – Failure to Provide a Safe Workplace;
       10. Negligence – Failure to Supervise;
       11. Disability Discrimination – Failure to Provide Reasonable Accommodation under ADA (42 U.S.C. § 12112(b)(5)(A));
       12. Employment Discrimination – Retaliation for Making a Charge under 42 U.S.C. § 2000e (42 U.S.C. § 2000e-3); and
       13. Employment Discrimination – Discrimination Based on Gender (42 U.S.C. § 2000e-2).
(Doc. 9 at 21–38.)
[2] The Ranch cites to *Hoffman v. Geico Ins. Co.*, No. CV 06-83-M-DWM, 2008 U.S. Dist. LEXIS 145596, at *4 (D. Mont June 25, 2008) (citing *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004)) and *Warfield v. Alaniz*, No. CV 03-2390-PHX-JAT, 2007 U.S. Dist. LEXIS 51527, at *7-8 (D. Ariz. July 16, 2007) to support the proposition that state law governs in this case.

capable of being made certain; and (3) the right to recover must vest on a particular day. MONT. CODE ANN. § 27-1-211; *see also Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 965 (Mont. 2008) (citing *Albers v. Bar ZF Ranch, Inc.*, 229 Mont. 396, 408, 747 P.2d 1347, 1354 (1987)). Accordingly, the Ranch argues that prejudgment interest is not recoverable on the damages for retaliation because "[t]here was no specific evidence regarding the damage suffered by this claim, and none was suggested to the jury," therefore "[i]t is impossible to know the basis for the jury's award in this regard and hence, it is not an award that is capable of being made certain." (*Id.* at 4.)

The Ranch concedes that prejudgment interest is appropriate on the damages for the WDEA claim and argues that the amount should be calculated "from the date when Ms. Rhoten would have received the pay over the course of that year as if she had worked." (*Id.* at 4–5.) Using the daily interest and method proposed by Rhoten, the Ranch calculates interest on the WDEA claim at $2,799.94. (*Id.* at 5.)

Rhoten contends that federal law applies because federal claims were raised in the First Amended Complaint and the jury awarded her damages under Title VII for retaliation. (Doc. 109 at 2.) Accordingly, Rhoten claims that "Montana substantive state law has no bearing on the availability of prejudgment interest under 42 U.S.C. § 2000e; the federal statute itself provides for that remedy." (*Id.*)

Federal jurisdiction in this case was initially founded upon diversity of

citizenship under 28 U.S.C. § 1332(a).  (*See* Doc. 1.)  However, as discussed above, the First Amended Complaint included claims for discrimination arising under federal law, including the claim for retaliation under Title VII for which the jury awarded Rhoten compensatory damages.  Accordingly, because Rhoten received a verdict on both state and federal law claims, the Court "has both diversity and federal question jurisdiction over the relevant claim" and may exercise its "discretion to apply the federal pre-judgment interest standard." *ECDC Envtl., L.C. v. New York Marine & Gen. Ins. Co.*, 1999 WL 595450, at *11 (S.D.N.Y. Aug. 6, 1999); *see also Warfield v. Alaniz*, No. CV 03-2390-PHX-JAT, 2007 U.S. Dist. LEXIS 51527, at *7-8 (D. Ariz. July 16, 2007) ("Since this case arose as a federal securities action, and because Plaintiff received a verdict on both state and federal law causes of action, the Court finds analysis under federal law most suitable.").

"The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995).  Pre-judgment interest is "an element of compensation" and "not a penalty." *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013).  Prejudgment interest may be awarded both on economic and noneconomic damages, including emotional distress.  *Id.*  The most accurate way to fully compensate a plaintiff would be to award prejudgment

interest from the date of injury—the date of termination in this case—to the date judgment was entered. *See Saavedra v. Korean Air Lines Co., Ltd.*, 93 F.3d 547, 555 (9th Cir. 1996); *see also Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1105–06 (D. Mont. 2019), *aff'd*, 819 F. App'x 483 (9th Cir. 2020) (determining that interest should be calculated from the date of termination where an employer was found liable for retaliation under the Federal Rail Safety Act). In this case, Rhoten was terminated on May 11, 2020, and judgment was entered October 7, 2020.

Next, the Court must determine the appropriate rate of interest. The Ranch did not provide argument as to the appropriate rate of interest on the damages awarded for retaliation. Rhoten argues that interest should be awarded "based on the 4.50 percent rate for the one-year constant maturity treasury yield found at https://www.federalreserve.gov/releases/h15 (accessed Oct. 17, 2022)," following this Court's ruling in *Wooten*.[3] (Doc. 103 at 4.) The Ranch conceded to this methodology regarding interest on the damages for the WDEA claim. (Doc. 106 at 4–5.)

For the foregoing reasons, the Court awards prejudgment interest in the amount of $7,167.90, as requested.

---

[3] In *Wooten*, this Court held that interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment" and "[i]nterest shall be computed daily to the date of payment .... and shall be compounded annually." 387 F. Supp. 3d at 1105–06 (citing 28 U.S.C. §§ 1961(a)–(b)). *See also Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994) (finding that the Treasury bill interest rate "reasonably reflects the conservative investment income the Plaintiffs would have been able to have earned")

**Motion for Attorney Fees and Non-Taxable Costs**

Rhoten seeks to recover attorney fees, non-taxable costs, and fees-on-fees for bringing this motion. (Doc. 110 at 9.)

**a. Attorney Fees**

Rhoten seeks to recover attorney fees in the amount of $147,792.50 (Doc. 105 at 12.) In support of this Motion, Rhoten's counsel has provided an accounting of the hours spent, the associated rate for those hours, and a description of the activity those hours were dedicated to. (Doc. 105-1 at 8–35.)

The Ranch concedes that attorney fees are recoverable but argues that fees should be apportioned between those claims on which Rhoten was and was not successful. (Doc. 108 at 5–9.) The Ranch urges this Court "to use an apportionment range between 20%-50% of the amount sought by Plaintiff as the very maximum percentage she would be entitled to in this case." (*Id.* at 9.) The Ranch also takes issue with the records submitted by Rhoten's counsel, which the Ranch argues are "reconstructed by Plaintiff's counsel after the fact and do not represent a contemporaneous record of attorney hours worked on the case," making them "'inherently suspect.'" (*Id.* at 10 (citing *Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH, 2013 U.S. Dist. LEXIS 42014, at *29 (E.D. Cal. Mar. 25, 2013); *Frank Music Corp. v. Metro-Goldwyn-Mayer*, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989)).)

Rhoten responds that all billing records were kept contemporaneously (Doc. 110 at 2) and that costs should not be apportioned because "Ms. Rhoten's claims for retaliation under federal and state law are not entirely distinct and separate from her other claims" (Doc. 110 at 7 (internal quotation marks omitted)).[4] Rhoten further states that "[i]t is simply impossible to segregate work, research, strategy, or trial presentation into separate silos simply to satisfy a future segregation of fees between ultimately successful claims from unsuccessful claims. The totality of the end result defines [the] intertwined nature of the case." (*Id.*)

Title VII and the MHRA provide the Court the discretion to award reasonable attorney fees to the prevailing party. 42 U.S.C. § 2000e–5(k); Mont. Code Ann. § 49-2-505(8). Courts in the Ninth Circuit "must calculate awards for attorneys' fees using the lodestar method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks and citations omitted). The lodestar approach has also been approved by the Montana Supreme Court. *Edwards v. Cascade Cnty.*, 212 P.3d 289, at 293 (Mont. 2009). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho*, 523 F.3d at 978

---

[4] Notably, the Ranch raised no objections to the hourly rate of Rhoten's counsel nor that Rhoten was the prevailing party.

(internal quotation marks and citation omitted).

Where the lodestar approach is deemed the appropriate measure for fees, "the lodestar is presumed to be reasonable." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Ihler v. Chisholm*, 995 P.2d 439, 454 (Mont. 2000) ("When the loadstar approach is appropriate to determine a reasonable fee in a human rights action, there is a strong presumption that the lodestar figure represents a reasonable fee."). The party seeking fees "must submit evidence supporting the hours worked and the rates claimed" and the Court should exclude from its calculation "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)[5]); *see also Wooten*, 387 F. Supp. 3d at 1109.

The lodestar calculation may be reduced if there are "[d]istinctly different claims for relief based on different facts and legal theories which are unsuccessful." *Edwards*, 212 P.3d at 293. Additionally, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 436, 440. Where the Court

---

[5] *Hensley* has been cited with approval by the Montana Supreme Court in *Audit Services v. Frontier-West*, 827 P.2d 1242 (Mont. 1992). Although the court in *Hensley* addressed attorney fees under 42 U.S.C. § 1988, case law for attorney fee awards under 42 U.S.C. § 1988 is persuasive to determine appropriate attorney fee award under 42 USCS § 2000e-5(k) because the provision for attorney fee awards contained in 42 U.S.C. § 1988 "was patterned upon provisions contained in Titles II and VII of Civil Rights Act of 1964." *EEOC v. Harris Farms, Inc.*, CIV F 02-6199 AWI LJO, 2006 U.S. Dist. LEXIS 36903, at *3 n.1 (E.D. Cal. Mar. 1, 2006), *aff'd*, 274 Fed. Appx. 511 (9th Cir. 2008).

deems an adjustment is required, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37.

As an initial matter, the Court finds that Rhoten's attorneys have submitted sufficient evidence supporting the number of hours worked and the rates claimed, and these records appear to have been kept contemporaneously. Thus, the task before this Court is to determine if adjustments to the lodestar are required because: (1) the claims raised were distinct or interrelated, and/or (2) the fees should be apportioned.

First, the Court "must determine whether the claimed fees were incurred for claims that were distinct or interrelated." *Edwards*, 212 P.3d at 293. Here, Rhoten raised thirteen claims in her First Amended Complaint. (*See* Doc. 9 at 21–38.) Although Rhoten was not successful on all thirteen claims, each claim stemmed from the same allegations of harassing treatment and relied on the same legal theories. (*See* Doc. 9.) "An attorney's time briefing alternate theories in a complex case is reasonable and compensable." *Crow Indian Tribe v. United States*, 2021 U.S. Dist. LEXIS 138828, at *34 (D. Mont. July 26, 2021) (citing *Hensley*, 461 U.S. at 440, 435–36). The Court finds that Rhoten's claims were not distinct from each other, and it is reasonable to include the time spent preparing all of Rhoten's claims in the lodestar calculation.

However, a portion of the time spent by Rhoten's attorneys was dedicated to defending Rhoten against the Ranch's counterclaim for breach of contract. This breach of contract counterclaim, although stemming from Rhoten's employment with the Ranch, is factually and legally distinct from those claims brought by Rhoten. The jury ultimately found for the Ranch on their counterclaim. (Doc. 93.) Time dedicated to defending against this counterclaim appears in two instances:

| Type | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 04/09/2021 | Review and evaluate demand letter from Employer and consideration of defenses to same; attention to discovery related to direct claims and *consideration of potential counterclaims and impact of same;* | 0.50 | $395.00 | $197.50 |
| Service | 05/06/2021 | Prepare Documents: Edit and add to amended complaint, *draft answer to counterclaims*, draft statement of stipulated facts | 2.50 | $175.00 | $437.50 |

(Doc. 105-1 at 13, 14 (emphasis added).) While not a significant portion of the total requested, the Court nonetheless finds that the attorney fees awarded should be reduced by $635.00, the total of these two instances.

Second, the Court must consider "the extent of success relative to the amount of the fee award." *Hensley*, 461 U.S. at 440. "Where a plaintiff has obtained excellent results, . . . the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. *Id.* at 435. However, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole[,] times a reasonable hourly rate[,] may be an excessive amount . . . even where the plaintiff's claims were

10

interrelated, nonfrivolous, and raised in good faith." *Id.* at 436.

It cannot be said that Rhoten achieved an "excellent result." Rhoten was only successful on her retaliation and wrongful discharge claims (Doc. 93 at 2–3); three of Rhoten's claims were dismissed by this Court (Doc. 23), and the jury found for the Ranch on the remaining claims, including the Ranch's counterclaim against Rhoten (Doc. 93). That said, most of the work performed to litigate Rhoten's unsuccessful claims served Rhoten in achieving success on her other claims. Thus, the Court will adopt a reduction of 30% to account for Rhoten's limited success overall.

The Court awards a total amount of $103,454.75 in attorney fees to Rhoten.

### b. Non-Taxable Costs

Rhoten seeks non-taxable costs totalling $3,727.86 for "travel expenses related to trial and to the pretrial conference, for mediation fees, and room and board for trial." (Doc. 105 at 11; *see also* Doc. 105-1 at 29–30.)

The Ranch argues that "the Court should deny the request for non-taxable costs because [Rhoten] was only successful on the retaliation claims, out of the many claims she asserted in the case." (*Id.* at 14.) Alternatively, the Ranch argues that "[s]hould the Court decide to award non-taxable costs to [Rhoten], the Ranch urges the Court to also apportion any such award in accord with the primary focus of the case, which was on claims other than Plaintiff's claim for retaliation." (*Id.*)

11

Rhoten argues that the Ranch "has not addressed any specific non-taxable costs which it believes should not be awarded" and that for the same reason fees should not be apportioned, neither should costs. (*Id.* at 8–9.)

A prevailing party may recover "reasonable 'out-of-pocket' litigation expenses that would normally be charged to a fee-paying client" pursuant to the Court's discretion under FED. R. CIV. P. 54(d)(2). *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 581 (9th Cir. 2010); *see also Wooten*, 387 F. Supp. 3d at 1113. A claim for non-taxable costs must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(ii).

Under Montana law, the Court has discretion to "allow the prevailing party reasonable attorney fees *and costs*." MONT. CODE ANN. § 49-2-505(8) (emphasis added). The Ninth Circuit has "repeatedly . . . allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties." *Grove*, 606 F.3d at 580. The Court finds that the non-taxable costs sought by Rhoten are allowable and reasonable and will award Rhoten the requested amount. The Court does not find it necessary or appropriate to apportion these costs, as counsel for Rhoten would most likely have incurred these same expenses regardless of the outcome of Rhoten's unsuccessful claims.

The Court awards Rhoten $3,727.86 in non-taxable costs.

### c. Fees-on-Fees

The Ninth Circuit permits so called "fees-on-fees" and they are warranted in this case. *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995). Because the Court deducted 30% from the requested fees incurred in litigating the merits, the Court will also discount the fee-on-fee award by 30%. *See id.* at 1367–68 (discussing the application of *Hensley* to fee-on-fee awards).

Accordingly, IT IS ORDERED that Rhoten's Motion to Amend Judgment (Doc. 102) is GRANTED in full. Rhoten is awarded prejudgment interest in the amount of $7,167.90. The Court's judgment is amended to indicate the total damages awarded is $71,167.90.

IT IS FURTHER ORDERED that Rhoten's Motion for Attorney Fees and Non-Taxable Costs (Doc. 104) is GRANTED IN PART. Rhoten will receive attorney fees in the amount of $103,454.75. Rhoten will receive $3,727.86 in non-taxable costs. Rhoten will also receive a fees-on-fees award for this fee litigation, which will be reduced by 30%.

DATED this 22nd day of November, 2022.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court